IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ARTHUR CAENEN,

                Petitioner,

     v.                                   CASE NO. 08-3118-SAC

KAREN ROHLING,

                Respondent.

**O R D E R**

This matter is before the court on a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner, a prisoner confined in the Larned Correctional Mental Health Facility in Larned, Kansas, proceeds pro se and has paid the $5.00 district court filing fee.

Petitioner was convicted of first degree murder and sentenced in 1999 to prison term of 25 years to life. In the instant action, petitioner essentially seeks a reduction of his sentence to 15 years without parole, and claims his original sentence was "way too long" under the circumstances of his offense.

Petitioner is first advised that a federal court has no authority to modify a criminal sentence imposed by the state courts. Instead, federal courts have jurisdiction to entertain a state prisoner's habeas corpus petition if the petitioner's confinement violates federal law, and the petitioner has first exhausted state court remedies on any such constitutional claim.

To the extent petitioner now seeks federal habeas corpus relief on a claim that his state sentence violated the Eighth Amendment's prohibition on excessive and disproportionate punishment, petitioner

is challenging the constitutionality of the sentence imposed in a state criminal case from which petitioner has previously sought relief under 28 U.S.C. § 2254 without success.  *See* Caenen v. Rohling, Case No. 04-3290-SAC.  Thus the instant application before this court is a second or successive application for relief under 28 U.S.C. § 2254.

Pursuant to 28 U.S.C. § 2244(b)(3), petitioner must apply to the Tenth Circuit Court of Appeals for an order authorizing this court to consider petitioner's second or successive habeas application.  This court has no jurisdiction to entertain such an application absent the circuit court's authorization.  Because petitioner does not allege or demonstrate that he has obtained such authorization, the court concludes this action should be transferred to the Tenth Circuit pursuant to 28 U.S.C. § 1631.  Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997).

IT IS THEREFORE ORDERED that the clerk of the court is to transfer this action to the United States Court of Appeals for the Tenth Circuit for processing under 28 U.S.C. § 2244(b)(3).

**IT IS SO ORDERED.**

DATED:  This 27th day of May 2008 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

2